# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO VALLEJO, | CASE NO. 1:10-cv-02352-SKO PC |
| Plaintiff, | SCREENING ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| KATHLEEN ALLISON, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

**I.      Screening Standard**

Plaintiff Florencio Vallejo, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 17, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.     Eighth Amendment Medical Care Claim

### A.     Summary of Claim

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran. Plaintiff alleges an Eighth Amendment claim against Warden Kathleen Allison, Receiver J. Clark Kelso, Chief Medical Offier A. Enenmoh, Dr. Gray, Lieutenant T. Pepper, Captain S. Frauenheim, Associate Warden R. M. Diaz, and Does 1-25 arising out of the failure to accommodate his medical condition. Plaintiff alleges that in May 2009, he was denied the use of a wheelchair to get to medical appointments and the dining hall. As a result, he was forced to drag himself across the ground, resulting in cuts, scrapes, and humiliation. Plaintiff alleges that he was subsequently approved for a wheelchair.

### B.     Legal Standard

To maintain an Eighth Amendment claim based on medical care in prison, Plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires Plaintiff to show (1) a serious medical need by demonstrating that failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted). Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference, and deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it

may be shown by the way in which prison physicians provide medical care. Id. (citation and quotations omitted).

C.  **Discussion**

If Plaintiff was unable to walk and he required the use of a wheelchair to get around, the failure to provide one, which resulted in Plaintiff having to drag himself around on the ground, supports an Eighth Amendment claim. However, the events at issue occurred in May 2009, and all of the named defendants are included in this action because they held positions of authority within the prison system and/or they were involved in reviewing Plaintiff's inmate appeal grieving the past misconduct of prison staff.

Neither *respondeat superior* nor an after-the-fact review of an inmate grievance will support a claim against Defendants. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must allege sufficient facts to show that each named defendant, through personal involvement, knowingly disregarded an excessive risk of harm to his health. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Plaintiff has not done so and his claim therefore fails.

**III.  Americans with Disabilities Act Claim**

Plaintiff refers to the Americans with Disabilities Act (ADA) in his complaint. However, there are no facts which would support a viable ADA claim. Plaintiff's claim arises from the denial of appropriate care in light of his medical condition, not from intentional discrimination against him because of a disability. Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)); also Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005). Accordingly, Plaintiff's ADA claim fails as a matter of law.

**IV.  Motion for Appointment of Counsel**

In his complaint, Plaintiff seeks the appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may

request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel is denied, without prejudice.

**V.   Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

///

amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's motion for the appointment of counsel is denied;
3. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   December 12, 2011                    /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE