# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO VALLEJO, | Case No. 1:10-cv-02352-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED |
| v. | |
| KATHLEEN ALLISON, et al., | (Doc. 15) |
| Defendants. | TWENTY-DAY OBJECTION DEADLINE |

## I.      Procedural History

Plaintiff Florencio Vallejo, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 17, 2010.  This action is proceeding on Plaintiff's amended complaint, filed on January 3, 2012, against Defendant Gray for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment of the United States Constitution.  28 U.S.C. § 1915A.

On April 24, 2013, Defendant filed a motion to dismiss the claim against him for failure to exhaust the available administrative remedies, 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b), and for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6).[1]  Plaintiff filed an opposition on May 22, 2013, and after obtaining two extensions of time, Defendant filed a

---

[1] Defendant's motion for judicial notice in conjunction with his motion to dismiss is granted.

reply on July 29, 2013.[2]  The motion has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*).

## II.   Motion to Dismiss for Failure to Exhaust

### A.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. *Stratton*, 697 F.3d at 1008; *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010); *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. *Jones*, 549 U.S. at 223-24; *Lira v. Herrrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### B.   Plaintiff's Use of Inmate Appeals Process

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. During the

---

[2] Plaintiff was provided with contemporaneous notice of the requirements for opposing an unenumerated Rule 12(b) motion. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 15-4.)

relevant time period, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).[1]  Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level.  Tit. 15, § 3084.5.  To satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); *McKinney*, 311 F.3d at 1199-1201.

Plaintiff submitted appeal log number 10-12074 on April 19, 2013, and it was exhausted at the Director's Level of review on November 15, 2010, prior to Plaintiff filing this suit.  (Doc. 15-3, Ex. A.)  Defendant argues that the appeal did not suffice to exhaust Plaintiff's claims against him for taking away Plaintiff's wheelchair and discontinuing Plaintiff's Neurontin prescription.

Plaintiff argues that while the appeal did not identify Defendant by name, it grieved the medical conditions which form the basis of this action.

### C.    Sufficiency of Notice Provided by Appeal

An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress."  *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010).  "[T]he prisoner need only provide the level of detail required by the prison's regulations," and during the relevant time period, "[t]he California regulations require[d] only that an inmate describe the problem and the action requested."  *Sapp*, 623 F.3d at 824 (citations and internal quotation marks omitted).  While the standard provides a low floor, it advances the primary purpose of a grievance, which is to notify the prison of a problem.  *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quotation marks and citations omitted); *accord Akhtar v. Mesa*, 698 F.3d 1202, 1211 (9th Cir. 2012).  Thus, Plaintiff's appeal sufficed if it alerted the prison to the nature of the wrong for which redress is now sought.  *Sapp*, 623 F.3d at 824 (quotation marks omitted); *accord Akhtar*, 698 F.3d at 1211.

---

[1] The regulations were amended in 2011.

In his amended complaint, Plaintiff alleges that in May 2009, Defendant took away his wheelchair and Neurontin, a pain medication, in disregard of Dr. Langlois's prior order. Plaintiff alleges that as a result of Defendant's actions, he was forced to drag himself across the yard for meals and the diabetic line twice a day for nineteen days.

The Court rejects Defendant's argument that appeal log number 10-12074 did not suffice to exhaust Plaintiff's claim against him. Plaintiff was not required in his appeal "to identify responsible parties or otherwise signal who may ultimately be sued." *Sapp*, 623 F.3d at 824. The relevant prison regulation required Plaintiff only to describe the problem, and in his appeal, he complained generally of being subjected to inhumane conditions as far back as May 2009 and he complained specifically about the nineteen-day period during which he dragged himself to the medical clinic.

In the course of resolving Plaintiff's appeal, prison staff addressed his need for a wheelchair and his medications. While Plaintiff did not identify Defendant by name in the appeal and he did not specifically state Defendant deprived him of his wheelchair and discontinued his Neurontin, Plaintiff's appeal and the responses covered both the period of time at issue in this lawsuit and the general conditions giving rise to this lawsuit with respect to Plaintiff's medical condition (not having a wheelchair for medical appointments and meals and the state of Plaintiff's prescriptions). Given the thoroughness of the appeal review with respect to Plaintiff's medical needs during the relevant time period, Defendant's argument that Plaintiff's appeal did not suffice to place prison officials on notice as to the wrong for which redress is now sought is untenable. *Akhtar*, 698 F.3d at 1211; *Sapp*, 623 F.3d at 824.

The Court finds that Plaintiff exhausted his medical care claim against Defendant Gray and it recommends Defendant's motion to dismiss for failure to exhaust be denied.

### III. Motion to Dismiss for Failure to State a Claim

#### A. Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d

1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Eighth Amendment Claim

Plaintiff's complaint was screened and the Court determined it stated a claim upon which relief may be granted.  28 U.S.C. § 1915A; *Watison*, 668 F.3d at 1112.  Defendant presents no arguments which persuade the Court it committed clear error in determining that Plaintiff's Eighth Amendment claim was cognizable or that any other grounds justifying relief from the screening order exist.  *See Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  *E.g., Farmer v.*

*Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). This requires the prisoner to demonstrate (1) the existence of an objectively serious risk of harm and (2) that, subjectively, prison officials knew of and disregarded that risk. *E.g., Farmer*, 511 U.S. at 834, 847; *Thomas*, 611 F.3d at 1150-51; *Foster*, 554 F.3d at 812.

Plaintiff alleges that Defendant took away his wheelchair and as a result, he was forced to drag himself to medical appointments and meals for nineteen days. At the pleading stage, this allegation is clearly adequate to support a reasonable inference that Plaintiff had a medical condition sufficiently serious to require the use of a wheelchair. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Additionally, this allegation is sufficient, at the pleading stage, to support a reasonable inference that the risk to Plaintiff was obvious, satisfying the subjective element. *E.g, Thomas*, 611 F.3d at 1150-52 (citations omitted). To the extent there is evidence that Plaintiff did not have a medical need for a wheelchair and Neurontin and/or that Plaintiff merely disagreed with Defendant's change in the course of his treatment, Defendant may make those arguments in a summary judgment motion. *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012); *Wilhelm,* 680 F.3d at 1122-23.

The Court recommends Defendant's motion to dismiss for failure to state a claim under the Eighth Amendment be denied, with prejudice.

**C.     Injunctive Relief Claim**

Defendant also argues that Plaintiff's claim for injunctive relief must be dismissed because it is barred by his membership in *Plata v. Brown*, 3:01-cv-01351 (N.D. Cal.) and *Armstrong v. Brown*, No. 4:94-cv-2307 (N.D. Cal.), both of which are class actions litigating prison medical care and compliance with the Americans with Disabilities Act (ADA), respectively.

Plaintiff seeks an order mandating the return of his wheelchair and the reinstitution of his Neurontin prescription. "Individual claims for injunctive relief related to medical treatment are discrete from the claims for systemic relief," and "where an inmate brings an independent claim

6

for injunctive relief solely on his own behalf for medical care that relates to him alone, there is no duplication of claims or concurrent litigation" and his claim are not barred by his membership in class action litigation. *Pride v. Correa*, 719 F.3d 1130, 1137 (9th Cir. 2013). Accordingly, Defendant's motion to dismiss Plaintiff's claim for injunctive relief, which inarguably seeks relief relating solely to his own medical care, must be denied.

The Court rejects Defendant's argument in reply that notwithstanding *Pride v. Correa*, Plaintiff's request for a wheelchair is barred by the *Armstrong* class action litigation.[3] Plaintiff's legal claim in this action is framed by his amended complaint, and he is not pursuing an ADA claim. *If* Plaintiff prevails on his claim that taking away his wheelchair and Neurontin prescription violated his Eighth Amendment rights and *if* he is able to demonstrate entitlement to prospective relief, 18 U.S.C. § 3626(a)(1)(A); *Monsanto Co. v. Geerston Seed Farms*, __ U.S. __, __, 130 S.Ct. 2743, 2756 (2010), an order requiring he be provided with a wheelchair would be directed at remedying his own individual medical need for a wheelchair, *Pride*, 719 F.3d at 1137.

### D. Official Capacity Claim

Finally, Defendant seeks to dismiss Plaintiff's official capacity claim against him on the ground that the Eleventh Amendment bars suits for money damages against the state.

As Defendant correctly argues, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010), and it does not bar suits seeking damages against state officials in their personal capacities," *Hafer v. Melo*, 502 U.S. 21, 30, 112 S.Ct. 358 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). Therefore, Plaintiff's personal, or individual, capacity claim against Defendant for damages is proper and Plaintiff's official capacity claim seeking injunctive relief is proper. To the extent Defendant is no longer in a position to implement the injunctive relief sought by Plaintiff should he prevail, the

---

[3] Defendant's motion to dismiss was filed prior to the issuance of the decision in *Pride v. Correa*, but he addressed the reach of the decision in his reply.

appropriate state official may be named.[4]  *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citations omitted).

## IV. Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss for failure to exhaust and failure to state a claim, filed on April 24, 2013, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __October 16, 2013__         /s/ Sheila K. Oberto
                                                     UNITED STATES MAGISTRATE JUDGE

---

[4] This appears to be the case based on Plaintiff's opposition, but in reviewing Defendant's entitlement to dismissal of the official capacity claim against him, the Court's review is limited to Plaintiff's pleading.  *U.S. v. Corinthian Colleges*, 655 F.3d 984, 991 (9th Cir. 2011) (citing *Schneider*, 151 F.3d at 1197 n.1).