# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO VALLEJO, | Case No. 1:10-cv-02352-AWI-SKO PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST AND FAILURE TO STATE A CLAIM, AND REQUIRING DEFENDANT TO FILE ANSWER WITHIN TWENTY DAYS |
| v. | |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |
| | (Docs. 15 and 29) |

Plaintiff Florencio Vallejo, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 17, 2010. This action is proceeding on Plaintiff's amended complaint, filed on January 3, 2012, against Defendant Gray for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 16, 2013, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that Objections were to be filed within twenty days. Defendant filed an Objection on November 8, 2013. Local Rule 304(b). Plaintiff did not file a response. Local Rule 304(d).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

The Court rejects Defendant's argument that Plaintiff's inmate appeal failed to place prison

officials on notice as to the nature of the wrong for which redress is now sought. *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010).

The Court also rejects Defendant's argument that Plaintiff fails to state a claim because his allegations amounts to nothing more than a mere disagreement in treatment. *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012). In light of Plaintiff's allegations that he had a medical need for a wheelchair and Defendant Gray's failure to provide him one caused him to have to drag himself to medical appointments and meals for nineteen days, Defendant is not entitled to dismissal at the pleading stage on the basis that Plaintiff has alleged "nothing more" than a disagreement over treatment. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Snow*, 681 F.3d at 987-88.

Finally, Defendant mischaracterizes the import of the Magistrate Judge's statements as they relate to the intersection of statutory screening pursuant to 28 U.S.C. § 1915A and motions brought pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 30, Obj., p. 4 n.1) The Court previously addressed this issue in greater detail and no further discussion here is merited. *Chavez v. Yates*, No. 1:09-cv-01080-AWI-SKO PC, 2013 WL 5519594 (E.D. Cal. Oct. 3, 2013), *findings and recommendations adopted in full*, 2013 WL 5883670 (E.D. Cal. Oct. 30, 2013).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on October 16, 2013, is adopted in full;

2. Defendant's motion to dismiss for failure to exhaust and failure to state a claim, filed on April 24, 2013, is DENIED; and

3. Defendant shall file an answer within **twenty (20) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   March 12, 2014                                    _____
                                                                                    SENIOR DISTRICT JUDGE

2