# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO VALLEJO, | Case No. 1:10-cv-02352-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE TO RENEWAL POST-SETTLEMENT CONFERENCE |
| v. | |
| KATHLEEN ALLISON, et al., | (Doc. 40) |
| Defendants. | |

Plaintiff Florencio Vallejo, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 17, 2010. This action is proceeding on Plaintiff's amended complaint, filed on January 3, 2012, against Defendant Gray for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment.

On May 8, 2014, Plaintiff filed a motion seeking the appointment of counsel. Defendant filed an opposition on May 14, 2014, in compliance with the Court's order filed on May 12, 2014.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the

Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In this case, Plaintiff has represented that he does not speak English and he has a limited education, resulting in his reliance on a jailhouse lawyer for filings. Further, Plaintiff's allegations that Defendant took away his wheelchair and pain medication, which resulted in him having to crawl across the yard for meals and daily diabetes treatment for nineteen days, if true, are serious. These circumstances may support the appointment of counsel at a subsequent juncture in the proceedings. At this juncture, however, Defendant has represented that he will provide, voluntarily, a Spanish interpreter at both the deposition set for June 3, 2014, and the settlement conference set for June 13, 2014. This accommodation is sufficient to address Plaintiff's ability to articulate his claims and his position at a deposition and a settlement conference, which is all that is required of Plaintiff at either proceeding.[1]

Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice. If the parties are unable to reach a settlement agreement on June 13, 2014, Plaintiff may renew his motion for counsel.

IT IS SO ORDERED.

Dated:   **May 15, 2014**                              **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")