# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO VALLEJO, | Case No. 1:10-cv-02352-AWI-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| KATHLEEN ALLISON, et al., | (Doc. 55) |
| Defendants. | THIRTY-DAY OBJECTION DEADLINE |

## I. Background

Plaintiff Florencio Vallejo ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 17, 2010. This action is proceeding on Plaintiff's amended complaint, filed on January 3, 2012, against Defendant Gray ("Defendant") for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment.

On February 9, 2015, Defendant filed a motion for summary judgment. Fed. R. Civ. P. 56. (Doc. 55.) On April 20, 2015, Plaintiff filed a response, in compliance with an order to file an opposition or a statement of non-opposition within thirty days.[1] (Doc. 57.) The motion has been

---

[1] Concurrently with his motion for summary judgment, Defendant served Plaintiff with the requisite notice of the requirements for opposing the motion. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998). (Doc. 55-7.)

submitted upon the record without oral argument pursuant to Local Rule 230(*l*), and for the reasons that follow, the Court recommends the motion be granted.

## II.     Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and in moving for summary judgment, he need only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendant meets his initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v.*

*City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The Court determines only whether there is a genuine issue for trial. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### III. Discussion

#### A. Summary of Plaintiff's Allegations

The events at issue occurred in 2009 at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, where Plaintiff is incarcerated. In his amended complaint, Plaintiff alleges that Defendant Gray, a prison physician, acted with deliberate indifference to his medical needs by taking away his wheelchair and Neurontin pain medication on May 4, 2009, both of which had been ordered by Dr. Langlois on June 17, 2008. Plaintiff alleges that as a result of Defendant Gray's action, he was forced to drag himself across the yard for meals and "diabetic line" two times a day for nineteen days. (Doc. 8, Amend. Comp., p. 3.)

#### B. Legal Standard for Eighth Amendment Medical Care Claims

##### 1. Causal Connection Required

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To proceed with a claim under section 1983, a plaintiff must demonstrate the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

##### 2. Inadequate Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

3

indifference to an inmate's serious medical needs.  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

### C. Defendant's Position

Defendant, a licensed physician who is board certified in family medicine, moves for summary judgment on that grounds that he did not work at SATF in 2009, and that neither he nor any other medical provider took Plaintiff's wheelchair away or discontinued Plaintiff's Neurontin prescription on May 4, 2009.  (Doc. 55-3, Gray Dec., ¶¶1, 6, 9.)  Defendant attests that since 2007, he has worked as a physician and surgeon in the Clinical Support Unit of California Correctional Health Care Services ("CCHCS"), which is a subdivision of the Federal Receivership located in the greater Sacramento area, and he was never employed by the California Department of Corrections and Rehabilitation ("CDCR").  (*Id.*, ¶¶2, 3.)  Defendant did not treat Plaintiff in 2009, as he was not at SATF that year.  (*Id.*, ¶6.)  In 2008, Defendant did spend two weeks at SATF as the acting Chief Medical Officer but he did not provide any direct patient care at that time.  (*Id.*)

On April 1, 2010, Plaintiff was medically evaluated for a transfer to Correctional Training Facility "("CTF") in Soledad, California, and he was transferred there the next day.  (*Id.*, ¶14.)  At that time, Plaintiff was identified as a DPM inmate, which meant he was mobility impaired but did not require full-time use of a wheelchair.  (*Id.*)  At the time of his transfer, Plaintiff was using a cane.  (*Id.*)

1    Defendant encountered Plaintiff for the first time at CTF on May 5, 2010, at which time he
2 was temporarily acting as Chief Physician and Surgeon. (*Id.*, ¶16.) Plaintiff came to the medical
3 clinic to have his blood drawn, and Defendant examined him and noted that Plaintiff had difficulty
4 with his left leg and back; required relatively level terrain and a cane; and should not climb stairs,
5 stand or sit for prolonged periods, climb, bend, stoop, lift over ten pounds, crawl, or walk long
6 distances without resting. (*Id.*) Defendant issued Plaintiff a medical chrono for a ground floor
7 cell, bottom bunk, wooden cane, and mobility vest. Despite Plaintiff's limitations, in Defendant's
8 medical opinion, Plaintiff did not have a medical need for a wheelchair. (*Id.*)

9    Defendant saw Plaintiff for the second and final time at CTF on May 10, 2010, for a
10 follow-up appointment regarding Plaintiff's lab work. (*Id.*, ¶17.) Defendant examined Plaintiff,
11 and determined that the chrono he issued five days earlier remained current and Plaintiff's
12 condition had not changed in any way that would require additional accommodations. (*Id.*) In
13 Defendants' medical opinion, Plaintiff did not require a wheelchair, and he continued on the same
14 medication regimen. (*Id.*) Defendant also interviewed Plaintiff regarding his inmate appeal
15 alleging that staff at SATF refused to allow a caretaker to push him in a wheelchair to medical
16 appointments or the dining hall; and he discussed the results of his examination with Dr. Enemoh,
17 SATF's Chief Medical Officer, so that Dr. Enemoh could address Plaintiff's inmate appeal. (*Id.*)

18    On June 14, 2010, Plaintiff was transferred back to SATF. (*Id.*, ¶18.)

19    Defendant did not provide any medical care for Plaintiff before May 2010 or after May 10,
20 2010, and in his medical opinion, Plaintiff did not have a medical need for a wheelchair in 2008
21 through 2010. (*Id.*, ¶19.) Plaintiff had mild degenerative disc disease, no appreciable
22 impingement of his spine, and no mass defects on his brain. (*Id.*) Plaintiff was able to walk with a
23 cane and while he was issued a wheelchair intermittently throughout 2008 and early 2009, it was
24 because he refused to walk as opposed an inability to walk. (*Id.*) After Plaintiff returned to SATF
25 in 2010, he was removed from the disability placement program, and his disability
26 accommodations were rescinded after Dr. Neubarth reviewed his medical records and determined
27 that there was no indication he was mobility impaired. (*Id.*)

28 ///

### D. **Plaintiff's Position**

Plaintiff's very brief opposition fails to set forth any evidence raising any triable issues of fact. Plaintiff asserts that he contests Defendant's motion and that Defendant's attestation regarding his lack of employment with CDCR is "almost ludicrous" given his employment with CCHCS. (Doc. 57, Opp., p. 1.) Plaintiff also asserts that the dates of his doctors' appointments he provided in his complaint are "accurate and verifiable." (*Id.*, p. 2.)

### E. **Findings**

Section 1983 requires the existence of a causal connection between the violation alleged and a defendant's actions or omissions. *Lemire*, 726 F.3d at 1074-75; *Starr*, 652 F.3d at 1205-08. In this case, Defendant met his burden as the party moving for summary judgment by producing evidence that he did not treat Plaintiff at SATF on May 4, 2009, or at any other time; and that his involvement in Plaintiff's medical care was limited to two examinations in May 2010 at CTF, at which time Plaintiff did not have a wheelchair, was successfully using a cane, and lacked any medical need for a wheelchair. The burden then shifted to Plaintiff, who did not identify any evidence bringing into dispute Defendant's position that he was not involved at all in the events at SATF in 2009, and that he did not take away Plaintiff's wheelchair and Neurontin on May 4, 2009.[2] Given the absence of any triable issues of material fact, Defendant is entitled to judgment as a matter of law on Plaintiff's claim that he acted with deliberate indifference to Plaintiff's medical needs on May 4, 2009, at SATF.[3]

### IV. **Conclusion and Recommendation**

Defendant has submitted evidence that he did not take away Plaintiff's wheelchair or medication at SATF on May 4, 2009, and that he was never involved with Plaintiff's medical care at SATF. Plaintiff did not produce any evidence in response that created a disputed issue of

---

[2] Plaintiff's amended complaint is verified but it does not set forth any specific facts admissible in evidence and within Plaintiff's personal knowledge that suffice to raise a triable issue of fact regarding Defendant's involvement in the alleged violation of his rights. *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc); *Schroeder v. McDonald*, 55 F.3d 454, 460 n.11 (9th Cir. 1995); *see Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) ("To avoid summary judgment, [the plaintiff] was required to present significant probative evidence tending to support her allegations.") (internal quotations and citations omitted).

[3] Based on this finding, the Court does not reach Defendant's qualified immunity argument.

material fact. Accordingly, Defendant is entitled to judgment on Plaintiff's Eighth Amendment claim against him, and the Court HEREBY RECOMMENDS that Defendant's motion for summary judgment, filed on February 9, 2015, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses, if any, are due within **fifteen (15) days** from the date the objections are filed. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2015**              /s/ Sheila K. Oberto
                                                         UNITED STATES MAGISTRATE JUDGE